IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| BRYON NEVIUS, | ) | |
| | ) | |
| Petitioner-Appellant | ) | |
| | ) | |
| v. | ) | No. 16-1070 |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) | |
| | ) | |
| Respondent-Appellee | ) | |

APPELLEE'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO TRANSFER THE CASE TO THE
EIGHTH CIRCUIT, WHERE VENUE PROPERLY LIES

Appellant Bryon Nevius has filed this appeal from the decision of the United States Tax Court. The appellee, the Commissioner of Internal Revenue, moves this Court to dismiss the appeal on the ground that it is frivolous and it is therefore not in the interest of justice to allow it to proceed. In the alternative, the Commissioner moves the Court to transfer the appeal to the United States Court of Appeals for the Eighth Circuit, where venue properly lies.

**STATEMENT**

The Commissioner determined income tax deficiencies against Bryon Nevius for tax years 2006-2009, as well as penalties under

13702854.1

Sections 6651(a)(1) and 6662(a) of the Internal Revenue Code (26 U.S.C.) (I.R.C.). (Doc. 7, Ex. A.)[1] Nevius's outstanding liabilities total almost $1 million, not including interest. (*See* Doc. 7 at 1-2, ¶1.) Nevius's mailing address – and apparently his residence – was in Missouri at the time he filed his petition in the Tax Court. (Doc. 3 at 2; Doc. 9 at 1; Doc. 14.)

In his second amended petition to the Tax Court (Doc. 4), Nevius set forth the grounds of his challenge to the Commissioner's tax deficiency and penalty determinations. "I am not," he stated, "a 'citizen of the United States' 'subject to the jurisdiction thereof' in the Fourteenth Amendment." (Doc. 4 at 3, ¶1.) Nevius asserted that the Internal Revenue Code and the internal revenue laws did not apply to him because he does not reside "in the District of Columbia or the Territories." (*Id.*, ¶¶2,3.) Nevius alleged that IRS employees failed to make various disclosures to him (*id.* at 3-5), but he did not deny that he received the income that the Commissioner had determined he received for the years at issue or state any reason that such income was not

---

[1] "Doc." references are to the documents in the record as numbered by the Clerk of the Tax Court on the docket.

13702854.1

- 3 -

taxable to him, other than his general claim that federal laws, and federal income tax laws in particular, do not apply to him.

The Commissioner filed a motion to dismiss Nevius's complaint for failure to state a claim upon which relief could be granted. (Doc. 7.) The Commissioner noted that Nevius's argument that, as a citizen of Missouri, he was not subject to the laws of the United States had been characterized by the courts as frivolous on numerous occasions. The Commissioner argued that he failed to raise "any justiciable error with respect to either [the Commissioner's] determinations set forth in the notice of deficiency or [the Commissioner's] determination as to [Nevius's] allocated tax liability arising from such determinations." (*Id.* at 4, ¶9.)

In his opposition to the Commissioner's motion (Doc. 8), Nevius repeated and expanded upon the arguments set forth in his second amended petition. He continued to assert that the federal income tax laws did not apply to him. In addition, Nevius asserted that the Tax Court "isn't a bona fide Court," but is rather an "Inquisitor known as a Tax Court Judge conjured up to obfuscate and hide the real facts and authority." (Doc. 8 at 11.) Nevius asked the Tax Court to dismiss his

case because it lacked jurisdiction "to make a determination of any Subtitle A Income [*sic*] due and owing" (*id.* at 18).

The Tax Court (Chief Judge Michael B. Thornton) granted the Commissioner's motion to dismiss. (Doc. 9.) The court observed that Nevius's arguments were arguments "that this and other courts have long-held to be frivolous. " (*Id.* at 1.) The court further noted that the Tax Court Rules of Practice and Procedure require a taxpayer's petition to contain "clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in determination of the deficiencies and the additions to tax and/or penalties in dispute," as well as "clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error," and that none of Nevius's filings satisfied these pleading requirements. (Doc. 9 at 2, citing Rule 34(b)(4) and (5) of the Tax Court Rules of Practice and Procedure.) Accordingly, "[b]ecause the Petition, Amended Petition, and Second Amended Petition all fail to state a claim upon which relief can be granted," the court granted the Commissioner's motion and dismissed the petition. (*Ibid.*)

After the Tax Court entered its decision, Nevius filed two "Notices of Judicial Ruling," in which he stated that the Tax Court "shall take notice" of various statutes, regulations, and "precedents and holdings." (Docs. 10, 11.) Nevius included no facts or argument in these documents. In addition, Nevius filed a motion to vacate the Tax Court's decision (Doc. 12), in which he stated that he would "await Inquisitor Thornton to on the record pick which Judicial Notice that this Inquisitorial Court is using, with Nevius understanding that is [*sic*] no Rule of Law using the Law of the Land or the Laws of the United States in this Inquisitorial Court" (*id.* at 1-2).

The Tax Court denied Nevius's motion to vacate and his "notices of judicial ruling," noting that Nevius's motion to vacate "makes no cogent argument that the Court erred in its Order of Dismissal and Decision . . . but rather continues to advance frivolous arguments," and stating that "the Court is familiar with the relevant laws." (Doc. 13.)

Nevius filed a timely notice of appeal to this Court on February 16, 2016. (Doc. 14.) *See* I.R.C. § 7483 and Fed. R. App. P. 13(a).

13702854.1

## DISCUSSION

The United States Courts of Appeals have exclusive jurisdiction to review decisions of the Tax Court. I.R.C. § 7482. Venue for the review of Tax Court decisions is governed by I.R.C. § 7482(b), which provides, in pertinent part, that "such decisions may be reviewed by the United States court of appeals for the circuit in which is located . . . the legal residence of the petitioner." For purposes of venue, the legal residence of the taxpayer is "determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court." I.R.C. § 7482(b)(1). Here, at the time that he filed his Tax Court petition, Nevius's mailing address, and apparently his residence, was in Missouri (Doc. 3 at 2; Doc. 9 at 1; Doc. 14), and he claims to be a "citizen of Missouri" (Doc. 14). Missouri is located in the Eighth Circuit (28 U.S.C. § 41), and proper venue for this appeal thus lies in the Eighth Circuit.

This Court has held that, where venue is not proper in an appeal, the courts of appeals have inherent authority to transfer the appeal to the circuit where venue properly lies. *Dalton Trucking, Inc. v. U.S. E.P.A.*, 808 F.3d 875 (D.C. Cir. 2015); *Alexander v. Commissioner*, 825 F.2d 499 (D.C. Cir. 1987). This Court further has stated that it would

13702854.1

exercise its inherent authority whenever it would serve the interest of justice to do so. *Hadera v. INS*, 136 F.3d 1338, 1341 (D.C. Cir. 1998) (citing *Alexander* at 502). Other courts of appeals have reached the same conclusion. *See, e.g.*, *Sorcia v. Holder*, 643 F.3d 117, 122 (4th Cir. 2011); *Becker v. Commissioner*, 852 F.2d 524, 526 (11th Cir. 1988).

This Court has declined to transfer an appeal – and instead dismissed it – where such a transfer would not serve the interest of justice. *Hadera*, 136 F.3d at 1341 (noting that the notice of appeal was untimely); *see also Sorcia*, 643 F.3d at 123 (noting, in part, that "the weakness of Sorcia's arguments on the merits . . . counsels against transferring his petition to the Eleventh Circuit"); *cf. Ferris v. Dept. of Navy*, 810 F.2d 1121, 1122-23 (Fed. Cir. 1987) ("Not having made a nonfrivolous allegation of discrimination, the minimum requirement of a prima facie case, it would not be in the interests of justice to transfer this case."). The interest of justice plainly is *not* served by transferring a wholly frivolous case that is certain to fail, as this one is. *See Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992) ("Transfer is also improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of

13702854.1

- 8 -

such a case." (citing *Ferris*, *supra*, 810 F.2d at 1123)); *Hall v. Norton*, 266 F.3d 969, 975 n.4 (9th Cir. 2001) (same); *Ferris*, 810 F.2d at 1122-23; *see also McKay v. Commissioner*, 1999 WL 58692 (D.C. Cir. 1992).

In the present case, Nevius failed on multiple occasions to identify any justiciable error in the Commissioner's deficiency determinations and to set forth any facts whatsoever supporting any claim of error. Indeed, because Nevius "failed to allege in his original or amended petition *any* actual errors or miscalculations in the deficiency notice, Tax Court Rules 34(b)(4) and (5), [he] thus conceded all issues of fact regarding his tax liability. Tax Court Rule 34(b)(4)." *Lefebvre v. Commissioner*, 830 F.2d 417, 419 (1st Cir. 1987) (emphasis in original). He thus "failed to meet his burden to detail specific facts which would call into question the presumed correctness of the Commissioner's determination of tax liability." *Ibid.* Instead, Nevius raised only frivolous arguments insisting that, although he is a citizen of Missouri, he is not a citizen of the United States and is not subject to federal income tax laws. These and similar contentions have been found to be frivolous by every court to have considered them. *See, e.g., Mathes v.*

13702854.1

*Commissioner*, 788 F.2d 33 (D.C. Cir. 1986); *Lefebvre v. Commissioner*, *supra*; *Coleman v. Commissioner*, 791 F.2d 68 (7th Cir. 1986).

The Tax Court thus correctly dismissed Nevius's petition for failure to state a claim upon which relief could be granted. In these circumstances, transferring the appeal to the Eighth Circuit would not serve the interest of justice, and the appeal should be dismissed. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that "[a] court is authorized to consider the consequences of transfer before deciding whether to transfer," and that "whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it" (citing *Chrisitanson v. Colt Indus. Operating. Corp.* 486 U.S. 800, 818, 108 S.Ct. 2166 (1988)); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (same).

13702854.1

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed for improper venue and because it is frivolous.  In the alternative, this appeal should be transferred to the United States Court of Appeals for the Eighth Circuit, where venue properly lies.

        Respectfully submitted,

        CAROLINE D. CIRAOLO
         *Acting Assistant Attorney General*

        s/ *Randolph L. Hutter*

| | |
|---|---|
| FRANCESCA UGOLINI | (202) 514-1882 |
| RANDOLPH L. HUTTER | (202) 514-2647 |

         *Attorneys*
         *Tax Division*
         *Department of Justice*
         *P.O. Box 502*
         *Washington, D.C. 20044*

Dated:  This 23d day of March, 2016.

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2016, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system. I further certify that on March 23, 2016, a copy of the foregoing motion was sent to the appellant, Mr. Bryon Nevius, appearing *pro se*, by first-class mail, in an envelope properly addressed as follows:

> Mr. Bryon Nevius
> 21355 Highway 179
> Jamestown, MO  65046

> s/ *Randolph L. Hutter*
> RANDOLPH L. HUTTER
> *Attorney*

13702854.1

**UNITED STATES TAX COURT**
WASHINGTON, DC 20217

BRYON NEVIUS, )
)
      Petitioner, )
)
v. ) Docket No. 11959-15.
)
COMMISSIONER OF INTERNAL REVENUE, )
)
      Respondent )

## ORDER OF DISMISSAL AND DECISION

By notices both dated April 16, 2015, respondent determined deficiencies in petitioner's Federal income tax, as well as additions to tax and accuracy-related penalties, as follows:

| Tax Year | 2006 | 2007 | 2008 | 2009 |
|---|---|---|---|---|
| Deficiency | $233,990.00 | $181,311.00 | $191,353.00 | $53,299.00 |
| IRC § 6651(a)(1) | $ 58,497.50 | $ 45,327.75 | $47,838.25 | $13,324.75 |
| IRC § 6662(a) | $ 46,798.00 | $ 36,262.20 | $38,270.60 | $10,659.80 |

Petitioner filed an imperfect petition to commence the instant case on May 7, 2015, stating, inter alia, that he lives "outside the statutory (DC) United States" despite his Missouri address. He filed an Amended Petition on July 6, 2015, and a Second Amended Petition, also on July 6, 2015. Each amended petition makes arguments that this and other courts have long-held to be frivolous--see, e.g., Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984), and its progeny-- suggesting that petitioner is not responsible for complying with the Internal Revenue laws because: petitioner is "not a 'citizen of the United States'" because he does not live in the District of Columbia or "the Territories"; that "there is no 'legal duty' for someone such as [petitioner] to file [Federal income tax forms]"; and that the "IRS Agent/IRS Officer did not disclose any fact of any Authority from the 'Laws of the Untied [sic] States' for this alleged 'Determination'".

**SERVED Oct 09 2015**

On August 17, 2015, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Petitioner filed an Opposition to respondent's motion on September 16, 2015.

Rule 34(b)(4)[1] requires that a petition contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiencies and the additions to tax and/or penalties in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).

Giving due regard to the statements contained in respondent's motion, and giving petitioner not only the benefit of every doubt as we are required to do at this stage of the proceeding, see Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995), but wide pleading latitude as a pro se litigant, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), we find that nothing contained in the pleadings filed by petitioner or in his Opposition to respondent's motion gives rise to any justiciable issue. See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459; see also Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). None of petitioner's pleadings satisfy the requirements of Rule 34(b)(4) and (5), and there is neither assignment of error nor allegation of fact in support of any justiciable claim. In short, petitioner's allegations that he is "not a 'citizen of the United States' 'subject to the jurisdiction thereof' in the Fourteenth Amendment", that the Internal Revenue laws and the Internal Revenue Code only apply to the District of Columbia and to the Territories of the United States, and that "the Tax Court lacks jurisdiction to make a determination of any Subtitle A Income [tax] due and owing", as well as similar allegations, do not give rise to any justiciable claim.

Because the Petition, Amended Petition, and Second Amended Petition all fail to state a claim upon which relief can be granted, it is

ORDERED that respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed August 17, 2015, is granted. It is further

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1986, as amended.

- 3 -

ORDERED AND DECIDED that there are deficiencies in Federal income tax, as well as additions to tax and accuracy-related penalties, due from petitioner as follows:

| Tax Year | 2006 | 2007 | 2008 | 2009 |
|---|---|---|---|---|
| Deficiency | $233,990.00 | $181,311.00 | $191,353.00 | $53,299.00 |
| IRC § 6651(a)(1) | $ 58,497.50 | $ 45,327.75 | $47,838.25 | $13,324.75 |
| IRC § 6662(a) | $ 46,798.00 | $ 36,262.20 | $38,270.60 | $10,659.80 |

**(Signed) Michael B. Thornton**
**Chief Judge**

ENTERED:    **OCT 09 2015**